IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-493-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TIMOTHY HUGH LINDSEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for payment of property, (DE 36). The motion was fully briefed and in this posture the issues raised are ripe for decision.

**BACKGROUND**

On March 18, 2018, defendant pleaded guilty pursuant to a written plea agreement to one count of escape from custody, in violation of 18 U.S.C. § 751(a). On August 28, 2019, the court sentenced defendant to six months' imprisonment and three years' supervised release.

On March 27, 2020, defendant filed the instant motion for payment of property. Defendant alleges that the United States Marshals Service released his vehicle to an unauthorized person, who damaged the vehicle and refused to return it to defendant. Defendant requests that the government pay compensatory damages to account for loss of his vehicle. On April 13, 2020, the court directed the government to respond to the motion. The government timely responded in opposition, arguing the motion is procedurally improper where it was filed in defendant's criminal case. The government contends defendant's claim must be brought as an independent civil action in accordance with the applicable Federal Rules of Civil Procedure.

## DISCUSSION

Defendant's claim alleging negligence against an officer of the United States is properly construed as a civil claim arising under the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2679(b)(1); Millbrook v. United States, 569 U.S. 50, 52 (2013). As the government explains in its response, an FTCA claim must be filed as an independent civil action. See 28 U.S.C. § 1346(b)(1); Fed. R. Civ. P. 3. Defendant cannot litigate his FTCA claim in his closed criminal case.

Accordingly, the court will deny the instant motion for payment of property without prejudice to defendant pursuing his FTCA claim as a civil action. If defendant consents, the court can convert the instant motion into a civil proceeding. Defendant can express his consent to such conversion by completing the court's form pro se civil complaint and returning it to the court at the same address used for his prior correspondence. In the event defendant consents to conversion of this motion into a civil action, the court will open a new civil case and inform defendant of the new case number for future filings. Defendant should not file additional motions in his criminal case concerning his property.

## CONCLUSION

Based on the foregoing, the court DENIES WITHOUT PREJUDICE defendant's motion for payment of property, (DE 36). In the event defendant consents to conversion of the instant motion into a federal civil action, defendant is DIRECTED to return his complaint on the form prescribed for use by this court within **21 days** of entry of this order. The clerk is DIRECTED to send defendant the court's general pro se form complaint, along with the standard self-representation forms.

SO ORDERED, this the 14th day of May, 2020.

                                                          LOUISE W. FLANAGAN
                                                          United States District Judge